IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILFREDO ANTONIO ROMERO        )
CARRANZA,                      )
                               )
            Petitioner,        )
                               )        1:16CV274
      v.                       )        1:13CR419-1
                               )
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

     This matter is before the court on Petitioner's motion to
vacate, set aside, or correct sentence made pursuant to 28
U.S.C. § 2255. (Mot. to Vacate, Set Aside, or Correct Sentence
("2255 Pet.") (Doc. 38).) The Government has filed a response,
(Doc. 42), and Petitioner filed a reply, (Doc. 45). The issues
are ripe for ruling. For the reasons that follow, this court
will dismiss Petitioner's motion.

**I.    BACKGROUND**

     Petitioner was charged in a one-count Indictment with a
violation of 8 U.S.C. §§ 1326(a) and (b)(1). (Doc. 1.) On
December 18, 2013, Petitioner proceeded to trial upon his plea
of not guilty. (Minute Entry 12/18/2013.) Defendant was found

guilty on December 19, 2013. (Doc. 14.) On July 23, 2014, Petitioner was sentenced to 84 months imprisonment, (Doc. 20), a sentence that was ordered to run concurrently with the sentence imposed in case number 1:13CR230-2, (id. at 2).

Petitioner filed a notice of appeal. (Doc. 17.) The Fourth Circuit Court of Appeals issued an opinion and judgment affirming the conviction and sentence on March 11, 2016. (Docs. 36, 37.) A petition for rehearing en banc was denied on April 19, 2016. (Doc. 40.)

In this 2255 petition, Petitioner raises a number of challenges to his conviction and sentence, but the challenges are confusingly pled and there is some inconsistency. However, it appears the petition raises the following challenges to the conviction and sentence:

GROUND ONE:  Constructive denial of counsel

GROUND TWO:  Trial court biased and abuse of discretion

GROUND THREE:  Prosecution misconduct and vindictive prosecution

GROUND FOUR:  Constructive denial of appeal counsel, for pursuing direct appeal instead of 2255 motion

GROUND FIVE:  Collateral attack the underlying deportation order under the authority of 8 U.S.C. § 1326(d)

GROUND SIX:  Collateral attack the propriety of deportation order; also collateral attack the elements of the deportation order, which are: the two prior

state convictions (June 12, 1998, from Fairfax
Virginia) and (July 21, 2006 from Manassas Virginia)

GROUND SEVEN:  The practice of depriving defendants of
the possession of a copy of their own discovery as
unconstitutional and due process violation as well

GROUND EIGHT: Eight Amendment condition claim

(2255 Pet. (Doc. 38) at 4-5.)[1]

Additional facts will be addressed as necessary in this
opinion.

## II.  ANALYSIS

A petitioner seeking relief pursuant to 28 U.S.C. § 2255
must show that "the sentence was imposed in violation of the
Constitution or the laws of the United States, or that the court
was without jurisdiction to impose such sentence, or that the
sentence was in excess of the maximum authorized by law, or is
otherwise subject to collateral attack." 28 U.S.C. § 2255(a).
"Unless the motion and the files and records of the case
conclusively show that the prisoner is entitled to no relief,
the court shall . . . grant a prompt hearing thereon, determine
the issues and make findings of fact and conclusions of law with
respect thereto." Id. § 2255(b).

---

[1] All citations in this Memorandum Opinion and Order to
documents filed with the court refer to the page numbers located
at the bottom right-hand corner of the documents as they appear
on CM/ECF.

**A.   Grounds One, Five, and Six**

Ground One alleges ineffective assistance of counsel during his 2013 federal trial. Relatedly, Petitioner also alleges that the same counsel failed to collaterally attack both his previous deportation order and the underlying Virginia state convictions that led to the order (Grounds Five and Six, respectively). Petitioner urges this court to review and overturn those proceedings. (2255 Pet. (Doc. 38) at 10-13, 28-34.)

For the reasons detailed below, the court finds that all three grounds lack merit and should be dismissed. Petitioner can show no actual prejudice from his counsel's performance during his 2013 trial. As to any collateral attacks on the removal order or its underlying convictions, this court finds there are no viable theories under which the removal order can be challenged. For this reason, it can also be said that Petitioner's counsel was not ineffective in choosing not to attack the removal order.

**1.   Ground One: Ineffective Counsel at 2013 Federal Criminal Trial**

In Ground One, Petitioner alleges that his attorney during his 2013 federal criminal trial rendered ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2)

that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, a petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688–89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). A court reviews defense counsel's performance only with a "highly deferential" eye. Strickland, 466 U.S. at 689.

With respect to the second prong, a petitioner must show that prejudice resulted from counsel's deficient performance. Strickland, 466 U.S. at 694. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). A reviewing court may start by reviewing the prejudice prong and, if the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." See United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d

310 (4th Cir. 2000). In meeting this burden and to obtain a hearing or any form of relief, petitioners must come forward with some evidence, not "conclusory allegations," that the claim might have merit. Nickerson v. Lee*,* 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd*,* Yeatts v. Angelone*,* 166 F.3d 255 (4th Cir. 1999).

In the case at bar, Petitioner makes a number of conclusory allegations as to trial counsel's deficient performance, including a failure to meet with Petitioner and failure to prepare for trial. (See 2255 Pet. (Doc. 38) at 10-11.) However, Petitioner fails to articulate any specific prejudice as a result of those alleged deficiencies except as to one issue. Petitioner states that counsel failed to "get the re entry case dismiss [sic] as a matter of law and more important, deportation order vacated," (id. at 11), and trial counsel "ignored defendant's petitions of collateral attack the under lying [sic] deportation order," (id. at 12). Since Petitioner's only conceivable claim for prejudice rests on counsel's alleged failure to collaterally attack Petitioner's previous deportation order, his ineffective assistance of counsel claim (Ground One) is inexorably bound with his claims in Grounds Five and Six. Those grounds also lack merit.

##### 2. Grounds Five and Six: Collateral Attacks on Removal Proceedings and Underlying Virginia Convictions

Petitioner describes his basis for collaterally attacking the deportation order in Grounds Five and Six of his motion. In Ground Five, Petitioner alleges generally that trial counsel ignored the possibility of a successful collateral attack on the underlying deportation order on authority of 8 U.S.C. § 1326(d). (2255 Pet. (Doc. 38) at 28.) In Ground Six, Petitioner provides an alternate basis for challenging the deportation order by alleging that his prior convictions resulting in deportation (a 1998 felony conviction from Fairfax, Virginia, and a 2006 misdemeanor conviction from Manassas, Virginia) were unconstitutional. (Id. at 32.) Because Petitioner fails to demonstrate any basis upon which to successfully attack the underlying deportation order, Grounds One, Five, and Six should be dismissed.

##### a. Removal Order is Facially Valid

Petitioner's own pleadings demonstrate that Petitioner was deported in 2007 pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii), deportation as a result of conviction of two crimes involving moral turpitude. (2255 Pet. (Doc. 38) at 30, 32, 41-42.) That statute states:

> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not

arising out of a single scheme of criminal misconduct,
    regardless of whether confined therefor and regardless
    of whether the convictions were in a single trial, is
    deportable.

8 U.S.C. § 1227(a)(2)(A)(ii).

Petitioner does not contest the fact that in 1998 he was
convicted of Felony Grand Larceny-Auto in Fairfax County,
Virginia, and, in 2004, of Misdemeanor Petit Larceny in Prince
William County, Virginia. The order Petitioner has provided,
(2255 Pet. (Doc. 38) at 41-42), reflects that the conviction for
petit larceny arose under "Virginia Statutes § 18.2-96," which
makes it a misdemeanor to "commit[] larceny from the person of
another" or to "commit[] simple larceny not from the person of
another," (id.).[2] Thus, both of his convictions were for larceny
offenses under Virginia law. In Virginia, "[t]he term larceny is
defined as 'the wrongful or fraudulent taking of personal goods
of some intrinsic value, belonging to another, without his
assent, and with the intention to deprive the owner thereof
permanently." Foster v. Commonwealth, 44 Va. App. 574, 577, 606
S.E.2d 518, 519 (Va. Ct. App. 2004) (quoting Dunlavey v.
Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).

    The BIA [Board of Immigration Appeals] has long
    concluded that theft offenses qualify as [crimes
    involving moral turpitude] if the defendant committed
    the offense with the intent to permanently deprive the

_____

    [2] See Va. Code. Ann. § 18.2-96 (West 2018). The statute was
amended after Petitioner's conviction.

owner of the property. The point of the permanent-
deprivation requirement was to distinguish between
substantial and reprehensible deprivations of an
owner's property on the one hand and, on the other,
mere de minimis takings in which the owner's property
rights are compromised little, if at all.

Martinez v. Sessions, 892 F.3d 655, 660 (4th Cir. 2018)

(internal quotations and citations omitted). Furthermore, as

described in Martinez, that BIA case law has been modified to

include, not only permanent takings, but also takings in which

the property owner's rights are substantially eroded; even with

this change, the BIA continues to distinguish between

substantial and de minimis takings. Id. at 661.

Thus, on its face, the deportation order appears properly

entered and not subject to a collateral attack. Petitioner

sustained two prior larceny convictions. Virginia law defines

larceny, inter alia, as requiring an intent to permanently

deprive the owner of their property, making that intent to

permanently deprive the owner of property an essential element

of both offenses. The BIA defines crimes of moral turpitude as

those involving theft wherein the theft includes an intent to

permanently deprive the owner of the property. Petitioner was

deportable on the face of the record.

**b.  No Basis for Ineffective Assistance of
     Counsel Attack on Removal Proceedings**

Despite the facial validity of the deportation order,
Petitioner contends the deportation order was improper since (1)
he did not receive a fair hearing and an opportunity to seek
judicial review (Ground Five), and (2) he received ineffective
assistance of counsel from his attorney during the deportation
hearing (Ground Six).

In support of his argument in Ground Five that there were
irregularities in his deportation hearing, Petitioner invokes
8 U.S.C. § 1326(d), (2255 Pet. (Doc. 38) at 27), which provides:

> In a criminal proceeding under this section, an alien
> may not challenge the validity of the deportation
> order described in subsection (a)(1) or subsection (b)
> unless the alien demonstrates that —
>
>     (1) the alien exhausted any administrative
> remedies that may have been available to seek relief
> against the order;
>
>     (2) the deportation proceedings at which the
> order was issued improperly deprived the alien of the
> opportunity for judicial review; <u>and</u>
>
>     (3) the entry of the order was fundamentally
> unfair.

8 U.S.C. § 1326(d) (emphasis added). All three elements must be
satisfied in order to collaterally attack an order. <u>See</u> <u>id.</u> As
to the third element, in order to establish that the entry of
the deportation order was fundamentally unfair as required by
Section 1326(d)(3), "a defendant must show that (1) his due

process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." United States v. El Shami, 434 F.3d 659, 664 (4th Cir. 2005) (internal quotations omitted). Due process requires that an alien be given "(1) notice of the charges against him, (2) a hearing before an executive or administrative tribunal, and (3) a fair opportunity to be heard." Id. at 665 (internal quotations omitted). Regarding the actual prejudice prong of the fundamental unfairness analysis, the petitioner must show "that the deficiencies in the deportation proceedings caused him actual prejudice. Specifically, . . . that, but for the errors . . . , there was a reasonable probability that he would not have been deported." Id. "This is not a generalized showing of prejudice; rather, the defendant must link the actual prejudice he claims to have suffered to the specific due process violation at issue." United States v. Lopez-Collazo, 824 F.3d 453, 462 (4th Cir. 2016).

The record reflects, and Petitioner does not dispute, that he had counsel throughout his immigration proceedings, that he had notice of those proceedings, and he did, in fact, appear at those proceedings. Petitioner's contentions that the proceedings were fundamentally unfair are: that his counsel was ineffective, that he was deprived of judicial review, and that the evidence

was insufficient to support the deportation order. Other than the alleged deprivation of judicial review,[3] the other two claims can only conceivably fit under the "fair opportunity to be heard" element of the due process prong in the fundamental unfairness claim.

### i. No Ineffective Assistance of Counsel Claim under the Fifth Amendment

An alien facing deportation proceedings does not have any Sixth Amendment right to counsel.[4] That being said, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." <u>Reno v. Flores</u>, 507 U.S. 292, 306 (1993). At least in the Fourth Circuit, however, those rights do not include the right to raise an ineffective assistance of counsel claim. Though some circuits have held that an alien may raise an ineffective assistance of counsel claim

---

[3] Petitioner does not allege any specific facts showing he was deprived of judicial review during his deportation proceeding; he only makes the assertion that judicial review was denied. (2255 Pet. (Doc. 38) at 22.)

[4] "Because removal proceedings are not criminal proceedings, aliens facing removal are not entitled to the Sixth Amendment's right to counsel, nor to the associated right to effective counsel." <u>Afanwi v. Mukasey</u>, 526 F.3d 788, 796 (4th Cir. 2008), <u>vacated on other grounds</u>, <u>Afanwi v. Holder</u>, 558 U.S. 801 (2009).

under the Fifth Amendment's Due Process Clause,[5] the Fourth
Circuit has expressly rejected that position. <u>Afanwi</u>, 526 F.3d
at 798; <u>see also</u> <u>Magala v. Gonzales</u>, 434 F.3d 523, 525-26 (7th
Cir. 2005) (finding no Fifth Amendment right to raise an
ineffective assistance of counsel claim in removal proceedings);
<u>Rafiyev v. Mukasey</u>, 536 F.3d 853, 861 (8th Cir. 2008) (same). As
the <u>Afanwi</u> court reasoned, the only right to counsel in a
deportation proceeding is a statutory right to privately
retained counsel, and the actions of private counsel cannot be
said to qualify as "state action" under the Fifth Amendment.
<u>Afanwi</u>, 526 F.3d at 799 (citing 8 U.S.C. § 1362). For those
reasons, "retained counsel's ineffectiveness in a removal
proceeding cannot deprive an alien of his Fifth Amendment right
to a fundamentally fair hearing." <u>Id.</u> at 798.

Accordingly, any attempt by Petitioner's 2013 trial
attorney to raise an ineffective counsel claim under the Fifth
Amendment against Petitioner's removal proceedings would have
failed as a matter of law. For that reason, it can be
conclusively stated that Petitioner was not prejudiced by his

---

[5] <u>See, e.g.</u>, <u>Nehad v. Mukasey</u>, 535 F.3d 962, 967 (9th Cir.
2008); <u>Fadiga v. Att'y Gen.</u>, 488 F.3d 142, 155 (3d Cir. 2007);
<u>Dakane v. U.S. Att'y Gen.</u>, 399 F.3d 1269, 1273-74 (11th Cir.
2005); <u>Romero v. U.S. I.N.S.</u>, 399 F.3d 109, 112 (2d Cir. 2005);
<u>Tang v. Ashcroft</u>, 354 F.3d 1192, 1196 (10th Cir. 2003); <u>Denko v.
INS</u>, 351 F.3d 717, 723-24 (6th Cir. 2003); <u>Hernandez v. Reno</u>,
238 F.3d 50, 55 (1st Cir. 2001).

2013 trial counsel's decision not to pursue a Fifth Amendment
attack on the removal proceedings.

## ii. Administrative Right to Effective Counsel at Removal Proceeding

It can also be conclusively stated that Petitioner had no
viable administrative ineffective assistance of counsel claim to
raise against his removal proceedings. Therefore, like an
ineffective counsel claim under the Fifth Amendment, counsel's
decision not to collaterally attack the removal proceedings
under such a theory was also not prejudicial to Petitioner in
his 2013 trial. Furthermore, Petitioner has not provided this
court with any authority, nor can the court find any, permitting
it to review the removal proceedings at this time.

In the Fourth Circuit, there is no Fifth or Sixth Amendment
right to effective counsel at a removal proceeding, but there is
an administrative remedy under the Lozada framework.[6] See In re
Lozada, 19 I. & N. Dec. 637, 639 (B.I.A. 1988). Under the Lozada
framework, "[a]n alien claiming ineffective assistance of
counsel must (1) provide an affidavit detailing the agreement
with counsel, (2) inform counsel of the allegation against him
and provide him with an opportunity to respond, and (3) indicate

---

[6] The Lozada opinion notes that any right to effective
counsel must be rooted in the Fifth Amendment, Lozada, 19
I. & N. Dec. at 639, a matter this court find unnecessary to
address in this proceeding.

whether a complaint has been filed with the appropriate
disciplinary authorities." Stewart v. U.S. I.N.S., 181 F.3d 587,
596 n.9 (4th Cir. 1999). If a meritorious claim of ineffective
assistance of counsel is properly filed under this framework,
the BIA may order the removal proceedings reopened. See id. at
587; Lozada, 19 I. & N. Dec. at 638.

The Fourth Circuit has explained that it generally does not
have jurisdiction to hear a claim of ineffective assistance of
counsel on direct review of a deportation order unless the
Lozada requirements have been met. In cases where a petitioner
has "failed [to] properly make a claim of ineffective assistance
of counsel to the BIA, [the Fourth Circuit] cannot consider the
claim." Stewart, 181 F.3d at 596 (citing Farrokhi v. U.S.
I.N.S., 900 F.2d 697, 700 (4th Cir. 1990)). The merits of an
ineffective assistance of counsel claim can be addressed by a
court directly reviewing a deportation proceeding only if the
alien "substantially complies with the Lozada requirements."
Barry v. Gonzales, 445 F.3d 741, 746 (4th Cir. 2006).

Because Petitioner has not demonstrated any compliance,
much less substantial compliance, with Lozada, this court is not
aware of any authority that would provide a district court with
a greater ability to review an ineffective assistance claim than
that recognized Stewart. Petitioner failed to exhaust his

administrative steps required by <u>Lozada</u> to challenge the

performance of counsel in the deportation proceeding and

therefore cannot use ineffective assistance of immigration

counsel as a basis upon which to collaterally attack the

deportation order in this court. Furthermore, since Petitioner

never complied in any way with the <u>Lozada</u> framework, it was not

prejudicial to Petitioner when his 2013 trial counsel chose not

to collaterally attack the removal proceedings under this

theory.

> c. **<u>No Prejudice from Any Alleged Failures Since</u>**
> **<u>Virginia Convictions Must Stand</u>**

Finally, even assuming Petitioner was deprived of judicial

review, effective assistance of counsel, and fundamental

fairness in the deportation proceedings, Petitioner is not able

to demonstrate prejudice as a result of the alleged failures.

The record clearly establishes Petitioner was in fact subject to

deportation as a result of his two larceny convictions. (<u>See</u>

2255 Pet. (Doc. 38) at 30, 32.)

Apparently anticipating this possibility, Petitioner argues

that his underlying convictions were unconstitutional because he

received ineffective assistance of counsel in those criminal

proceedings in Virginia. Specifically, in Grounds Five and Six,

Petitioner's basis for his collateral attack of the deportation

order is two more collateral attacks on the underlying larceny

convictions. Petitioner argues that counsel should have presented, and this court should entertain, a "collateral attack [sic] his prior State convictions should be permited [sic] during this proceeding." (Id.) However, Petitioner has presented no viable basis upon which to collaterally attack the 1998 felony conviction from Fairfax, Virginia, or the 2006 conviction from Manassas, Virginia, as unconstitutional. (Id.)

Petitioner was not in custody for either of those two prior state convictions at the time of his trial in this case, and he therefore has no right to petition for any type of habeas relief in this or any other federal court. See 28 U.S.C. §§ 2241, 2244 (extending the writ to those "in custody" or "detention").

Nor does the law of the Commonwealth of Virginia provide Petitioner any assistance. Virginia's state habeas statute requires that a habeas corpus petition collaterally attacking a criminal conviction "shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2) (West 2019).

In sum, Petitioner has demonstrated no basis upon which his trial counsel in this case, factually or legally, could have challenged his prior Virginia convictions in this court. As a

result, Petitioner fails to establish any viable basis upon which to challenge the convictions that resulted in his deportation, either at the time of his deportation or, more significantly, in this case pursuant to 8 U.S.C. § 1326(d).

### d. <u>No Basis for Relief in Grounds One, Five, or Six</u>

As to Grounds Five and Six, Petitioner has failed to demonstrate any "reasonable probability that he would not have been deported," <u>Lopez-Collazo</u>, 824 F.3d at 462, and, as a result, Petitioner fails to present any facts to support a finding that he suffered any "actual prejudice" in his immigration proceedings under 8 U.S.C. § 1326(d).

Since there were no grounds to attack Petitioner's deportation order or the underlying Virginia convictions, Petitioner's counsel in his 2013 federal criminal trial could not have prejudiced Petitioner in any way by not pursuing that course. This court therefore finds Petitioner has failed to demonstrate any prejudice as a result of trial counsel's alleged failure to collaterally challenge the prior deportation order. Grounds One, Five, and Six will therefore be dismissed without a hearing.

### B. <u>Ground Two: Trial Court biased and Abuse of Discretion</u>

Petitioner candidly admits "[t]his ground had been addressed on direct appeal in both cases . . . . In re entry

case, is ground No. Three." (2255 Pet. (Doc. 38) at 14.)

Petitioner requests that this court consider those two briefs

"as guiding points of refference [sic] for better explanation

and understanding the nature and overall allegations he will be

doing during this 2255 motion." (Id.)

The third issue raised on appeal is described by the Court

of Appeals as follows: "(3) the district court erred when,

knowing there was a complete breakdown in communications between

[Petitioner] and his attorney, it failed to have new defense

counsel appointed." United States v. Carranza, No. 14-4632, 2016

WL 930199 (4th Cir. 2016). The court held:

> We nonetheless find that the record does not establish
> that the district court abused its discretion when it
> failed to replace Carranza's attorney before
> sentencing, or that counsel's representation at
> sentencing amounted to the constructive denial of the
> right to counsel.

Id. at *2. With respect to Ground Two in this petition,

Petitioner re-argues matters such as this court's failure to

substitute counsel, all of which were addressed on direct

appeal.  These claims were resolved in large part by the Fourth

Circuit in Petitioner's direct appeal. (See id.) In a Section

2255 proceeding, a petitioner "will not be allowed to recast,

under the guise of collateral attack, questions fully

considered" on direct appeal. Boeckenhaupt v. United States, 537

F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell,

5 F.3d 64, 66 (4th Cir. 1993) (holding the law of the case doctrine forecloses relitigation of issues expressly or implicitly decided by the appellate court). "It is well established that where an appeal was taken from a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those that could have been presented but were not are deemed waived." Teague v. Lane, 489 U.S. 288, 297 (1989) (internal quotations omitted). Petitioner's allegations contained in Ground Two were either raised on direct appeal or should have been.

Ground Two will therefore be dismissed.

## C.    Ground Three: Prosecution Misconduct and Vindictive Prosecution

In all candor, this court is unable to construe Petitioner's allegations to determine any basis whatsoever in support of a claim under Ground Three. The majority of the allegations relate to positions taken by the Government which are contrary to Petitioner's stated interests rather than any right he might have. These appear to be normal parts of the adversarial process.

Nevertheless, to succeed on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was improper and that it "prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v.

Scheetz, 293 F.3d 175, 185 (4th Cir. 2002). Because the
prosecutorial misconduct is related to the fairness of the
trial, any misconduct occurring during trial is a matter that
could have been presented on appeal but was not. Those claims
are therefore deemed waived. See Teague, 489 U.S. at 297. As to
any remaining allegations of misconduct, Petitioner fails to
present any facts which would support a finding of prosecutorial
misconduct.

Ground Three should therefore be dismissed.

D.    **Ground Four: Constructive Denial of Appeal Counsel
      for Pursuing Direct Appeal Instead of 2255 Motion**

As to Ground Four, Petitioner argues that the issues he
challenges with respect to his conviction and sentence "are
better presented on a 2255 motion," (2255 Pet. (Doc. 38) at 26),
and that appeal counsel picked the worst issue "and totaly [sic]
ignor[ed] defendant['s] desire of a collateral attack prior
deportation order," (id. at 27).

Claims of ineffective assistance of counsel on appeal are
judged using the Strickland test. See Lawrence v. Branker, 517
F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not
raise on appeal every non-frivolous issue requested by a
defendant. Jones v. Barnes, 463 U.S. 745, 752-53 (1983); see
also Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989).
Ineffective assistance of appellate counsel can be shown by

demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal citations omitted). As to Ground Four, Petitioner fails to allege any significant issues in his appellate counsel's representation and instead relies on just such "vague and conclusory allegations."

Ground Four is therefore dismissed.

E.    **Ground Seven: The Practice of Depriving Defendants of Possession of a Copy of their own Discovery as Unconstitutional and Due Process Violation as Well**

Petitioner alleges in this claim that "every defendant should be entitle[d] to have a copy of his own discovery, and his own language." (2255 Pet. (Doc. 38) at 35.) Petitioner's claim is directed solely to the issue of whether he should have been provided a copy of his discovery by either trial counsel or the trial court. (Id. ("It should be a court order to provide defendants with copies of their own discovery."))

Discovery is controlled by the Federal Rules of Criminal Procedure, statutes such as 18 U.S.C. § 3500, and common law due process rules as may be established by the courts, as was done

in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Petitioner can point to no rule requiring that a defendant be provided with a copy of material to which a defendant is given access as part of the discovery process. This court is certainly not aware of such a rule.

Ground Seven is therefore dismissed.

**F.    Ground Eight: Eighth Amendment Condition Claim**

Petitioner contends in this ground that his conditions of confinement violate his Eighth Amendment rights prohibiting cruel and unusual punishment. However, claims concerning an inmate's conditions of confinement are not proper for review in a Section 2255 motion. <u>See, e.g.</u>, <u>Fulton v. United States</u>, Criminal Indictment No. 1:10-CR-0336-RWS-1, Civil File No. 1:11-CV-0801-RWS, 2011 WL 1262166, at *2 (N.D. Ga. Mar. 30, 2011) (noting that Section 2255 is not available to challenge conditions of confinement); <u>Alvarado v. United States</u>, Nos. 08cv0631-LAB, 06cr1195, 2008 WL 5111326, at *1 (S.D. Cal. Dec. 4, 2008) ("[N]either a motion pursuant to § 3582 nor a petition under § 2255 is the proper method of challenging conditions of confinement."); <u>Guidice v. United States</u>, No. 89-CV-1259, 1989 WL 80046, at *2 (E.D.N.Y. July 7, 1989) (citing <u>United States v. Huss</u>, 520 F.2d 598 (2d Cir. 1975)).

Ground Eight is therefore dismissed.

III. __CONCLUSION__

In sum, Petitioner fails to demonstrate any actionable grounds for any of his claims, nor can Petitioner establish the necessity of a hearing to resolve these claims. All of Petitioner's claims lack merit, his 2255 motion should be denied, and this matter should be dismissed. This court has considered all of Petitioner's pleadings, all of his grounds for relief, and all of his arguments. This court concludes that none of them have merit.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 38), is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**

A judgment dismissing this action will be entered contemporaneously with the Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 20th day of September, 2019.

William L. Osteen, Jr.
United States District Judge